606 F.2d 812
 Lorna WILLIAMS, Appellant,
v.
TOWN OF OKOBOJI, Ben D. Saunders, Town Clerk, zoning officer
for the Town of Okoboji, Iowa, Individually and in his
official capacity, Leo Parks, Mayor of the Town of Okoboji,
Iowa, Individually and in his official capacity, Appellees.
 No. 79-1011.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 11, 1979.
Decided Oct. 4, 1979.
 
 Lorna L. Williams, Des Moines, Iowa, pro se.
 Gleysteen, Harper, Eidsmoe & Heidman, Shull, Marshall & Marks, Irene A. Schrunk and Gerald M. Kraai, Sioux City, Iowa, for appellees.
 Before GIBSON, Chief Judge, and HEANEY and ROSS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lorna L. Williams appeals the district court's orders dismissing her complaint and denying her leave to amend the complaint which alleged violation of her civil rights under 42 U.S.C. § 1983.
 
 
 2
 Division I of the complaint as amended alleged that defendants under color of law "have continuously and intentionally" harassed plaintiff by "seeking to restrict and limit plaintiff's activities and use and enjoyment of her real estate" in violation of the fourteenth amendment and have "willfully misused their power, possessed by virtue of state and local laws" in violation of the privileges and immunities clause of the fourteenth amendment. Division II of the complaint, in essence, alleges that defendants brought a criminal action against plaintiff for violation of a "building set back requirement" of the town's zoning ordinance, although plaintiff was in compliance with the "set back requirement" and had obtained a building permit. Plaintiff also indicated that the action was "prosecuted maliciously and without probable cause."
 
 
 3
 The district court granted defendant's motion to dismiss under Fed.R.Civ.P. 12(b)(1) and 12(b)(6) and found that the complaint was "vague," "conclusory," and did not "set forth sufficient facts to enable a court to determine the nature of the alleged misconduct." The plaintiff then moved for reconsideration of the dismissal order, permission to amend and submitted additional factual information in affidavit form to the district court.
 
 
 4
 This factual information, Inter alia, alleges that 1) defendant Parks, the mayor, owns property next to that of plaintiff; 2) Parks did not want plaintiff to buy the property because he wished to keep it for his own use; 3) since the purchase of the property defendants have harassed plaintiff by denial or delay of building permits without adequate reason, by intrusions into her home to make wrongful allegations of trespass and by the filing of the previously mentioned criminal action; 4) defendants have not allowed plaintiff to tie into a city constructed storm sewer as they have permitted adjoining landowners, thus causing extensive water and structural damage to her home.
 
 
 5
 Based on these additional allegations, we cannot say "beyond doubt that the plaintiff can prove no set of facts in support of (her) claim which would entitle (her) to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).
 
 
 6
 Although the grant or denial of an opportunity to amend is discretionary, Fed.R.Civ.P. 15(a) states that leave to amend "shall be freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In Nickens v. White, 536 F.2d 802, 803 (8th Cir. 1976), we indicated the following concerns but allowed the plaintiff an opportunity to amend:
 
 
 7
 We are enjoined to view civil right pleadings liberally. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Anderson v. Sixth Judicial District Court, 521 F.2d 420 (8th Cir. 1975). Such pleadings must nonetheless not be conclusory and must set forth the claim in a manner which, taking the pleaded facts as true, states a claim as a matter of law. See Anderson v. Sixth Judicial District Court, supra; Ellingburg v. King, 490 F.2d 1270, 1271 (8th Cir. 1974). Many of the allegations of patterns and practices set forth in the complaint are broad and conclusory.
 
 
 8
 Here, although the initial complaint was arguably conclusory and too broad in the scope of the allegations, the additional facts which plaintiff alleges, if properly pleaded, could provide the basis for a complaint which will withstand a motion to dismiss for failure to allege sufficient grounds for relief. As the Supreme Court stated in Lynch v. Household Finance Corp., 405 U.S. 538, 544, 92 S.Ct. 1113, 1118, 31 L.Ed.2d 424 (1972), Quoting Shelley v. Kraemer, 334 U.S. 1, 10, 68 S.Ct. 836, 92 L.Ed. 1161 (1948): "It cannot be doubted that among the civil rights intended to be protected from discriminatory state action by the Fourteenth Amendment are the rights to acquire, enjoy, own and dispose of property."
 
 
 9
 Reversed and remanded with directions to permit the plaintiff to amend her complaint.