37 F.3d 1290
 Arthur FREY, Sr., Administrator of the Estate of Arthur
Frey, Jr. and on his own behalf; Plaintiff-Appellant,
Darren Michael Frey, the minor child of the deceased Arthur
Frey, Jr. by his next friend Arthur Frey, Sr.;
Linda Frey, on her own behalf; Michael
Frey, on his own behalf, Plaintiffs,
v.
CITY OF HERCULANEUM, MISSOURI; Thomas Robert, Individually
and in his official capacity as Mayor of the City of
Herculaneum, Missouri; Tom Griffith; Del Becker, Sr.;
Chris Rapp; Barbara Welch; Dave Hoffman; Warren
Holdinghausen, Individually and in their official capacities
as Council members of the City of Herculaneum, Missouri;
Kevin White, Individually and in his capacity as Chief of
Police for the City of Herculaneum, Missouri; Douglas
Bequette, Individually and in his official capacity as
Police Officer for the City of Herculaneum, Missouri; City
of Pevely, Missouri; Charles Bank, Individually and in his
official capacity as Mayor of the City of Pevely, Missouri;
Joy Wineinger; John Knobloch; Curt Stueve; Tony Kern;
Don Menkhus; Ed Ziegelmeyer, Individually and in their
official capacities as Council Members of the City of
Pevely, Missouri; Ronald Weeks, Individually and in his
official capacity as Chief of Police for the City of Pevely,
Missouri; David Kaltenbronn, Individually and in his
official capacity as Police Lieutenant for the City of
Pevely, Missouri; Myra McBride, Individually and in her
official capacity as employee of the Police Department of
the City of Pevely, Missouri, Defendants-Appellees.
 No. 93-3507.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 13, 1994.
Decided Oct. 12, 1994.
 
 Christelle Marie Adelman-Adler, St. Louis, MO, argued (Linda Murphy, Clayton, MO, and Christelle Adelman-Adler, St. Louis, MO, on the brief), for appellant.
 James E. Mello, St. Louis, MO, argued (Dennis H. Tesreau and Darrell E. Missey, Hillsboro, MO, on the brief for appellee City of Herculaneum. Frank N. Gundlach and James E. Mello, St. Louis, MO, on the brief, for appellees City of Pevely, et al.).
 Before LOKEN, Circuit Judge, FRIEDMAN* and JOHN R. GIBSON, Senior Circuit Judges.
 JOHN R. GIBSON, Senior Circuit Judge.
 
 
 1
 Arthur Frey, Sr., also administrator of Arthur Frey, Jr.'s estate, appeals the district court's orders dismissing his complaint and denying him leave to amend his complaint which alleged violations of Arthur Frey, Jr.'s civil rights under 42 U.S.C. Sec. 1983 (1988). Arthur Frey, Jr. committed suicide while detained in the Pevely, Missouri jail.[1] The district court dismissed the action against the cities and respective mayors, council members and various police officers and officials of Herculaneum and Pevely, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). On appeal, Frey argues his complaint had sufficient factual allegations to state a claim and that the district court applied an incorrect standard of review when considering whether to grant the motion to dismiss or allow him to amend the complaint. We reverse and remand to the district court with directions for the court to allow Frey to amend his complaint.
 
 
 2
 Arthur Frey, Jr. was arrested by the Herculaneum police for driving while intoxicated. He was detained at the Pevely jail.[2] Several hours later, a Pevely police officer found Frey had committed suicide in his cell by hanging himself with a bed sheet. Frey's father, also administrator of his estate, brought this section 1983 action against the cities and various police officers and city officials, alleging, inter alia, that the appellees: (1) were deliberately indifferent to the medical needs of Frey insofar as they knew or should have known he was a suicide risk; (2) knew or should have known he was in need of immediate medical attention; (3) inadequately monitored the jail cells; (4) failed to take precautions to remove dangerous items from Frey's cell; and (5) knew or should have known that the jail was defective and dangerous. The district court granted the cities' separate motions to dismiss pursuant to Rule 12(b)(6) for failure to state a cause of action. The district court held that Frey's complaint contained "no factual allegations from which it could be inferred that any of the defendants knew or should have known that Frey was [a suicide] risk." Frey then filed a motion to amend his complaint to add factual allegations which the district court found were lacking in the initial complaint. Without comment, the district court denied Frey's motion to amend his complaint. This appeal followed.
 
 
 3
 Neither party raised the issue of whether Arthur Frey, Sr. has standing to bring this action under 42 U.S.C. Sec. 1983. We may not consider the parties' arguments as to whether the complaint states a cause of action until we have determined whether Frey has standing to recover under section 1983. See Landrum v. Moats, 576 F.2d 1320, 1323 n. 2 (8th Cir.) (standing is an element of the Article III case or controversy requirement and must be considered as a threshold matter), cert. denied, 439 U.S. 912, 99 S.Ct. 282, 58 L.Ed.2d 258 (1978). A family member's right to recover under section 1983 for his own injuries arising out of the wrongful death of another family member has "generated considerable confusion and disagreement." Rhyne v. Henderson County, 973 F.2d 386, 390 (5th Cir.1992) (quoting Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir.1991)). This circuit has held that whether a civil rights claim under section 1983 exists is determined by the state's law governing survival of actions. Landrum, 576 F.2d at 1323 n. 2.
 
 
 4
 In Rhyne, the Fifth Circuit looked primarily to the state wrongful death statutes to determine that a mother could assert a civil rights claim under section 1983 for the wrongful death of her son. 973 F.2d at 390-91. This issue is complex, and several circuits have taken differing approaches on state survival and wrongful death statutes and assertions of these claims under section 1983. See Steven H. Steinglass, Wrongful Death Actions and Section 1983, 60 Ind.L.J. 559 (1985). We are satisfied at a minimum that Frey has standing to assert a claim under section 1983 as a result of the injuries to and death of his son, either in his own name or as administrator.
 
 
 5
 However, Frey brings this action both as administrator of his son's estate and in his own name. These are distinct kinds of actions under Missouri law. Personal injury actions which survive under Mo.Rev.Stat. Sec. 537.020 (1986), must be asserted by the personal representative. Wrongful death actions under Mo.Rev.Stat. Sec. 537.080 (Supp.1993), are asserted by family members, including the father. Whether both can be asserted, consistently, as section 1983 claims, or whether Frey must choose one or the other, deserves full briefing and consideration by the district court. See generally Rhyne, 973 F.2d at 390-93 (holding that the mother of a pretrial detainee who committed suicide while incarcerated had standing to bring a section 1983 action for injuries she sustained due to the State's alleged deprivation of her son's constitutional rights and his ensuing death, but ultimately determining that she was not entitled to submit to the jury the issue of whether the State's failure to monitor known suicidal inmates constituted deliberate indifference to the detainees); Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir.1984) (holding Ohio survival statute dictates section 1983 action should not survive, but policy of section 1983 requires that the mother of the decedent, as his personal representative, be allowed to "champion her dead son's civil rights"); see also Small v. American Telephone & Telegraph Co., 759 F.Supp. 1427, 1428 (W.D.Mo.1991) (under Missouri survival-of-actions law, civil rights action does not abate upon death). On remand, the district court should resolve these issues concerning the nature of Frey's action.
 
 
 6
 This brings us to the propriety of the district court's dismissal and refusal to allow Frey to amend the complaint. We review a Rule 12(b)(6) motion to dismiss de novo. Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir.1993). We must review the complaint most favorably to the non-moving party and may dismiss " 'only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations.' " Id. (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)). A motion to dismiss should be granted " 'as a practical matter ... only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.' " Id. (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir.1974)). Civil rights pleadings should be construed liberally. Davis v. Hall, 992 F.2d 151, 152 (8th Cir.1993) (per curiam). At the very least, however, the complaint must contain facts which state a claim as a matter of law and must not be conclusory. Id.
 
 
 7
 The Supreme Court recently confirmed that no heightened factual specificity is required in pleading section 1983 actions against municipalities. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, --- U.S. ----, ----, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993). In Leatherman, the Court reiterated that Rule 8(a) of the Federal Rules of Civil Procedure states that pleadings must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." --- U.S. at ----, 113 S.Ct. at 1162. However, the district court seems to have applied a heightened specificity requirement, relying on a pre-Leatherman case, Colburn v. Upper Darby Township, 838 F.2d 663, 670 (3d Cir.1988), cert. denied, 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989).
 
 
 8
 In the original complaint, Frey alleged only that the police officers and jail officials knew or should have known that Arthur Frey, Jr. was a suicide risk, and contended that the officials did not adequately care for Arthur Frey, Jr. in his intoxicated state by failing to take precautionary steps to protect him from cell conditions or from injuring himself.
 
 
 9
 In Bell v. Stigers, 937 F.2d 1340 (8th Cir.1991), we held that section 1983 plaintiffs in jail suicide cases must establish deliberate indifference to a strong likelihood, rather than a mere possibility, of suicide. Id. at 1343.
 
 
 10
 Frey's original complaint falls short of meeting even the liberal standard for notice pleading, since it is entirely conclusory, giving no idea what acts the individual defendants are accused of that could result in liability under Bell v. Stigers. In particular, Frey appears to assert his claims against more than twenty defendants, including municipalities, police officers, jail officials, mayors and city council members, with no indication of what their involvement might be. A civil rights plaintiff cannot pursue a section 1983 action against a municipality or officials under a respondeat superior theory, and Frey's complaint intimates no other basis for liability for many of the defendants. See Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690, 98 S.Ct. 2018, 2035-36, 56 L.Ed.2d 611 (1978); Kentucky v. Graham, 473 U.S. 159, 167, 105 S.Ct. 3099, 3105-06, 87 L.Ed.2d 114 (1985).
 
 
 11
 Though we conclude that the original complaint was inadequate, the question of whether Frey should be allowed to amend is a distinct issue. Leave to amend should be granted liberally when "justice so requires." Williams v. Town of Okoboji, 606 F.2d 812, 814 (8th Cir.1979). Although the district court's decision to permit amendment is discretionary, id., we will reverse a denial of such permission when the plaintiff has shown it can cure the lack of specificity. See id.; accord, Colburn v. Upper Darby Township, 838 F.2d at 666.
 
 
 12
 In the proposed amended complaint, Frey alleged that Officers Bequette and Kaltenbronn, and Myra McBride, an employee of the Pevely Police Department, were deliberately indifferent to Arthur Frey, Jr.'s suicidal state of mind because they each knew or should have known that he routinely talked about suicide, that he put a gun in his mouth, that he had a severe drug and alcohol problem, and that he responded affirmatively when asked, at the time of his arrest, whether he was ill. Further, Frey alleged in the amended complaint that Kaltenbronn knew or should have known that during the previous month Arthur Frey, Jr. had threatened to kill both himself and his wife.
 
 
 13
 At this early stage of the proceedings, we cannot affirm dismissal of the entire action. Without doubt, the thirty-three page original complaint cannot qualify as a short and plain statement of the claim. The additional facts which Frey alleged in the proposed amended complaint, however, are certainly sufficient to survive a motion to dismiss under the Leatherman standard.
 
 
 14
 Accordingly, we remand with instructions to the district court to permit Frey to amend as to Officers Bequette and Kaltenbronn, and Myra McBride. The dismissal is affirmed with respect to the other parties named in Frey's complaints. The district court will determine, in light of the Missouri survival and wrongful death laws, the claims Frey may assert for injuries sustained due to the alleged deprivation of his son's constitutional rights.
 
 
 
 *
 The HONORABLE DANIEL M. FRIEDMAN, Senior Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation
 
 
 [1]
 As initially filed, the complaint listed Arthur Frey, Sr., as administrator of the estate and individually; and Arthur Frey, Jr.'s minor child, mother, and brother as plaintiffs. However, the Notice of Appeal only listed "Arthur Frey, Sr., et al." as appellant. Pursuant to Torres v. Oakland Scavenger Co., 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), and Federal Rule of Appellate Procedure 3(c), we must consider Arthur Frey, Sr. the sole appellant in this case
 
 
 [2]
 Herculaneum, which has no jail, contracts with Pevely to detain individuals arrested in Herculaneum