**Arthur FREY, Sr., Administrator of the Estate of Arthur Frey, Jr. and on his own behalf; Darren Michael Frey, the minor child of the deceased Arthur Frey, Jr., by his next friend Arthur Frey, Sr.; Linda Frey, on her own behalf; Michael Frey, on his own behalf, Plaintiffs–Appellants,**

**v.**

**CITY OF HERCULANEUM, Missouri; Thomas Robert, Individually and in his official capacity as Mayor of the City of Herculaneum, Missouri; Tom Griffith; Del Becker, Sr.; Chris Rapp; Barbara Welch; Dave Hoffman; Warren Hol-**

dinghausen, Individually and in their official capacities as Council members of the City of Herculaneum, Missouri; Kevin White, Individually and in his capacity as Chief of Police for the City of Herculaneum, Missouri; Douglas Bequette, Individually and in his official capacity as Police Officer for the City of Herculaneum, Missouri; City of Pevely, Missouri; Charles Bank, Individually and in his official capacity as Mayor of the City of Pevely, Missouri; Joy Wineinger; John Knobloch; Curt Stueve; Tony Kern; Don Menkhus; Ed Ziegelmeyer, Individually and in their official capacities as Council Members of the City of Pevely, Missouri; Ronald Weeks, Individually and in his official capacity as Chief of Police for the City of Pevely, Missouri; David Kaltenbronn, Individually and in his official capacity as Police Lieutenant for the City of Pevely, Missouri; Myra McBride, Individually and in her official capacity as employee of the Police Department of the City of Pevely, Missouri, Defendants–Appellees.

No. 93–3507.

United States Court of Appeals,
Eighth Circuit.

Submitted April 13, 1994.

Decided Jan. 9, 1995.

Christelle Marie Adelman–Adler, St. Louis, MO, argued (Linda Murphy, Clayton, MO, and Christelle Adelman–Adler, St. Louis, MO, on the brief), for appellant.

James E. Mello, St. Louis, MO, argued (Dennis H. Tesreau and Darrell E. Missey, Hillsboro, MO, on the brief for appellee City of Herculaneum. Frank N. Gundlach and James E. Mello, St. Louis, MO, on the brief, for appellees City of Pevely, et al.).

*ORDER*

The panel of its own motion vacates its opinion filed October 12, 1994, 37 F.3d 1290, and substitutes the opinion attached hereto. The motion for rehearing is denied.

Before LOKEN, Circuit Judge, FRIEDMAN * and JOHN R. GIBSON, Senior Circuit Judges.

JOHN R. GIBSON, Senior Circuit Judge.

Arthur Frey, Sr., personally and as administrator of Arthur Frey, Jr.'s estate, Darren Michael Frey, Linda Frey, and Michael Frey appeal the district court's orders dismissing their complaint and denying them leave to amend their complaint, which alleged

* The HONORABLE DANIEL M. FRIEDMAN, Senior Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.

violations of Arthur Frey, Jr.'s civil rights under 42 U.S.C. § 1983 (1988). Arthur Frey, Jr. committed suicide while detained in the Pevely, Missouri jail.[1] The district court dismissed the action against the cities and respective mayors, council members and various police officers and officials of Herculaneum and Pevely, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). On appeal, the Freys argue their complaint had sufficient factual allegations to state a claim and that the district court applied an incorrect standard of review when considering whether to grant the motion to dismiss or allow them to amend the complaint. We reverse and remand to the district court with directions for the court to allow the Freys to amend their complaint.

Arthur Frey, Jr. was arrested by the Herculaneum police for driving while intoxicated. He was detained at the Pevely jail.[2] Several hours later, a Pevely police officer found Frey had committed suicide in his cell by hanging himself with a bed sheet. Frey's family, his father also acting as administrator of his estate, brought this section 1983 action against the cities and various police officers and city officials, alleging, *inter alia*, that the appellees: (1) were deliberately indifferent to the medical needs of Frey insofar as they knew or should have known he was a suicide risk; (2) knew or should have known he was in need of immediate medical attention; (3) inadequately monitored the jail cells; (4) failed to take precautions to remove dangerous items from Frey's cell; and (5) knew or should have known that the jail was defective and dangerous. The district court granted the cities' separate motions to dismiss pursuant to Rule 12(b)(6) for failure to state a cause of action. The district court held that the Freys' complaint contained "no factual allegations from which it could be inferred that any of the defendants knew or should have known that Frey was [a suicide] risk." The Freys then filed a motion to amend the complaint to add factual allegations which the district court found were lacking in the initial complaint. Without comment, the district court denied the Freys' motion to amend their complaint. This appeal followed.

█ Neither party raised the issue of whether the Freys have standing to bring this action under 42 U.S.C. § 1983. We may not consider the parties' arguments as to whether the complaint states a cause of action until we have determined whether the plaintiffs have standing to recover under section 1983. *See Landrum v. Moats*, 576 F.2d 1320, 1323 n. 2 (8th Cir.) (standing is an element of the Article III case or controversy requirement and must be considered as a threshold matter), *cert. denied*, 439 U.S. 912, 99 S.Ct. 282, 58 L.Ed.2d 258 (1978). A family member's right to recover under section 1983 for his own injuries arising out of the wrongful death of another family member has "generated considerable confusion and disagreement." *Rhyne v. Henderson County*, 973 F.2d 386, 390 (5th Cir.1992) (quoting *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir.1991)). This circuit has held that whether a civil rights claim under section 1983

1. As initially filed, the complaint listed as plaintiffs Arthur Frey, Sr. (as administrator of the estate and as Arthur Frey, Jr.'s father), Linda Frey (Arthur Frey, Jr.'s mother), Michael Frey (his brother), and Darren Michael Frey (his son). However, the Notice of Appeal only listed "Arthur Frey, Sr., et al." as appellant. In the opinion we filed originally, we applied *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), to consider Arthur Frey, Sr. as the sole appellant in this case. The Freys have moved for rehearing and we now conclude that all of the enumerated plaintiffs should be allowed to proceed as appellants. The notice of appeal was filed October 7, 1993. Federal Rule of Appellate Procedure 3(c) was amended effective December 1, 1993, and the order adopting the amendment stated that the several rules taking effect that date shall govern "insofar as just and practicable, all proceedings in appellate cases then pending." Order of the Supreme Court Amending Rules of Appellate Procedure (April 22, 1993). We are persuaded by the decisions of our sister circuits in *Dodger's Bar & Grill v. Johnson County Bd. of County Comm'rs*, 32 F.3d 1436, 1440–41 (10th Cir.1994), *Garcia v. Wash*, 20 F.3d 608, 609–10 (5th Cir.1994), and *Cleveland v. Porca Co.*, 38 F.3d 289 (7th Cir. 1994), that the amendment to the rule should be applied retroactively. *See also Brooks v. Celeste*, 16 F.3d 104, 108 (6th Cir.), *vacated*, 39 F.3d 125 (6th Cir.1994). *Cf. Bailey v. United States Dep't of Army Corps of Engineers*, 35 F.3d 1118, 1119 n. 3 (7th Cir.1994).

2. Herculaneum, which has no jail, contracts with Pevely to detain individuals arrested in Herculaneum.

exists is determined by the state's law governing survival of actions. *Landrum,* 576 F.2d at 1323 n. 2.

In *Rhyne,* the Fifth Circuit looked primarily to the state wrongful death statutes to determine that a mother could assert a civil rights claim under section 1983 for the wrongful death of her son. 973 F.2d at 390–91. This issue is complex, and several circuits have taken differing approaches on state survival and wrongful death statutes and assertions of these claims under section 1983. *See* Steven H. Steinglass, *Wrongful Death Actions and Section 1983,* 60 Ind.L.J. 559 (1985). We are satisfied at a minimum that Arthur Frey, Sr. has standing to assert a claim under section 1983 as a result of the injuries to and death of his son, either in his own name or as administrator.

However, Frey brings this action both as administrator of his son's estate and with the other family members in their own names. These are distinct kinds of actions under Missouri law. Personal injury actions which survive under Mo.Rev.Stat. § 537.020 (1986), must be asserted by the personal representative. Wrongful death actions under Mo.Rev.Stat. § 537.080 (Supp.1993), are asserted by family members. Whether both can be asserted, consistently, as section 1983 claims, or whether one or the other must be pursued, deserves full briefing and consideration by the district court. *See generally Rhyne,* 973 F.2d at 390–93 (holding that the mother of a pretrial detainee who committed suicide while incarcerated had standing to bring a section 1983 action for injuries she sustained due to the State's alleged deprivation of her son's constitutional rights and his ensuing death, but ultimately determining that she was not entitled to submit to the jury the issue of whether the State's failure to monitor known suicidal inmates constituted deliberate indifference to the detainees); *Jaco v. Bloechle,* 739 F.2d 239, 245 (6th Cir. 1984) (holding Ohio survival statute dictates section 1983 action should not survive, but policy of section 1983 requires that the mother of the decedent, as his personal representative, be allowed to "champion her dead son's civil rights"); *see also Small v. American Telephone & Telegraph Co.,* 759 F.Supp. 1427, 1428 (W.D.Mo.1991) (under Missouri survival-of-actions law, civil rights action does not abate upon death). On remand, the district court should resolve these issues concerning the nature of the Freys' action.[3]

This brings us to the propriety of the district court's dismissal and refusal to allow the Freys to amend their complaint. We review a Rule 12(b)(6) motion to dismiss de novo. *Alexander v. Peffer,* 993 F.2d 1348, 1349 (8th Cir.1993). We must review the complaint most favorably to the non-moving party and may dismiss " 'only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations.' " *Id.* (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)). A motion to dismiss should be granted " 'as a practical matter ... only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.' " *Id.* (quoting *Bramlet v. Wilson,* 495 F.2d 714, 716 (8th Cir.1974)). Civil rights pleadings should be construed liberally. *Davis v. Hall,* 992 F.2d 151, 152 (8th Cir.1993) (per curiam). At the very least, however, the complaint must contain facts which state a claim as a matter of law and must not be conclusory. *Id.*

The Supreme Court recently confirmed that no heightened factual specificity is required in pleading section 1983 actions against municipalities. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* — U.S. —, —, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993). In *Leatherman,* the Court reiterated that Rule 8(a) of the Federal Rules of Civil Procedure states that pleadings must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." — U.S. at —, 113 S.Ct. at 1162. However, the district court seems to have applied a heightened specificity requirement, relying on a pre-*Leatherman* case, *Colburn v. Upper Darby Township,* 838 F.2d 663, 670

3. The status of the various appellants will differ according to whether the action is considered a personal injury action that survives, or a wrongful death action.

(3d Cir.1988), *cert. denied,* 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989).

In the original complaint, the Freys alleged only that the police officers and jail officials knew or should have known that Arthur Frey, Jr. was a suicide risk, and contended that the officials did not adequately care for Arthur Frey, Jr. in his intoxicated state by failing to take precautionary steps to protect him from cell conditions or from injuring himself.

In *Bell v. Stigers,* 937 F.2d 1340 (8th Cir. 1991), we held that section 1983 plaintiffs in jail suicide cases must establish deliberate indifference to a strong likelihood, rather than a mere possibility, of suicide. *Id.* at 1343.

The Freys' original complaint falls short of meeting even the liberal standard for notice pleading, since it is entirely conclusory, giving no idea what acts the individual defendants are accused of that could result in liability under *Bell v. Stigers.* In particular, the Freys appear to assert their claims against more than twenty defendants, including municipalities, police officers, jail officials, mayors and city council members, with no indication of what their involvement might be. A civil rights plaintiff cannot pursue a section 1983 action against a municipality or officials under a respondeat superior theory, and the Freys' complaint intimates no other basis for liability for many of the defendants. *See Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 690, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978); *Kentucky v. Graham,* 473 U.S. 159, 167, 105 S.Ct. 3099, 3105–06, 87 L.Ed.2d 114 (1985).

Though we conclude that the original complaint was inadequate, the question of whether the Freys should be allowed to amend is a distinct issue. Leave to amend should be granted liberally when "justice so requires." *Williams v. Town of Okoboji,* 606 F.2d 812, 814 (8th Cir.1979). Although the district court's decision to permit amendment is discretionary, *id.,* we will reverse a denial of such permission when the plaintiff has shown it can cure the lack of specificity. *See id.; accord Colburn v. Upper Darby Township,* 838 F.2d at 666.

In their proposed amended complaint, the Freys alleged that Officers Bequette and Kaltenbronn, and Myra McBride, an employee of the Pevely Police Department, were deliberately indifferent to Arthur Frey, Jr.'s suicidal state of mind because they each knew or should have known that he routinely talked about suicide, that he put a gun in his mouth, that he had a severe drug and alcohol problem, and that he responded affirmatively when asked, at the time of his arrest, whether he was ill. Further, the Freys alleged in the amended complaint that Kaltenbronn knew or should have known that during the previous month Arthur Frey, Jr. had threatened to kill both himself and his wife.

At this early stage of the proceedings, we cannot affirm dismissal of the entire action. Without doubt, the thirty-three page original complaint cannot qualify as a short and plain statement of the claim. The additional facts which the Freys alleged in the proposed amended complaint, however, are certainly sufficient to survive a motion to dismiss under the *Leatherman* standard.

Accordingly, we remand with instructions to the district court to permit the Freys to amend as to Officers Bequette and Kaltenbronn, and Myra McBride. The dismissal is affirmed with respect to the other parties named in the Freys' complaint. The district court will determine, in light of the Missouri survival and wrongful death laws, the claims the Freys may assert for injuries sustained due to the alleged deprivation of Arthur Frey, Jr.'s constitutional rights.