**Beverly STEPHENSON, Plaintiff,**

v.

**UNITED STATES of America and Revenue Officer Stephanie Thomas, Defendants.**

**Civil No. 96–1030.**

United States District Court,
W.D. Arkansas,
El Dorado Division.

Oct. 9, 1996.

James A. Brown, Little Rock, AR, Charles J. Lincoln, II, Charles J. Lincoln, P.A., Little Rock, AR, for Beverly G. Stephenson.

Tamera Fine-Trail, U.S. Dept. of Justice, Tax Division, Washington, DC, for U.S. and Stephanie Thomas.

## MEMORANDUM OPINION

BARNES, District Judge.

Before the Court is a motion to dismiss by defendants United States of America (United States) and Revenue Officer Stephanie Thomas Ridgell (Ridgell). The motion seeks dismissal of the complaint pursuant to Fed. R.Civ.P. 12. Plaintiff Beverly Stephenson (Stephenson) has responded to the motion.

## I. BACKGROUND

During 1985 and early 1986 Stephenson was employed in a wagering operation in Lake Village, Arkansas. On or about May 6, 1991, the Internal Revenue Service (IRS) issued a report claiming that Stephenson was responsible for the wagering excise tax for the entire wagering operation for numerous monthly periods beginning August 1, 1985. On or about December 31, 1992, Stephenson filed a complaint in this Court in an attempt to secure a refund for partial payment made on the excise tax. This Court, in case no. 92–1166, entered summary judgment in favor of Stephenson on September 17, 1993, and found that she was in fact an employee and not liable for the excise tax. Stephenson was also awarded attorney's fees and costs.

On or about October 6, 1994, Ridgell telephoned Stephenson and demanded payment of an unpaid and unabated excise assessment for the tax period of March, 1986. Stephenson advised Ridgell that she was not liable for the tax nor did she owe the tax and she would not pay it. Ridgell then proceeded to issue levies on Stephenson's assets in various financial institutions.

On or about October 20, 1994, Stephenson's attorney telephoned Ridgell and advised her of the prior litigation. On approximately that same date and again on November 1, 1994, Ridgell telephoned Chris Gregorian (Gregorian), an attorney with the Tax Division of the Department of Justice, in an attempt to verify the result of the prior lawsuit. An Administrative Claim seeking recovery for economic loss was filed with the IRS on or about March 9, 1995, and it was subsequently denied on April 24, 1995. Stephenson filed the present suit on March 28, 1996, and her complaint contains causes of action for wrongful collection, wrongful disclosure and due process violations against both defendants. Defendants filed their memorandum in support of motion to dismiss on July 11, 1996 and filed their motion and an amended memorandum on July 23, 1996. Defendants argued and Stephenson agreed that the United States is the proper defendant as to counts I and II of the complaint and that Ridgell is the proper defendant as to count III. Therefore,

the Court will consider the motion in that context.

## II. DISCUSSION

Defendants argue for dismissal pursuant to Fed.R.Civ.P. 12 because Stephenson allegedly failed to state valid claims against them. The Court, therefore, shall treat the motion as one under Fed.R.Civ.P. 12(b)(6). "The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (1990).

When a motion to dismiss under Fed. R.Civ.P. 12(b)(6) is considered, the complaint is construed in the light most favorable to the plaintiff and the allegations in it are taken as true. 5A *id.* § 1357. "A motion to dismiss should be granted 'as a practical matter ... only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir.1995) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984)). Fed.R.Civ.P. 8(a)(2) merely requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief, . . . ."

### A. Ridgell

Ridgell argues that the doctrine of qualified immunity protects her from the claims asserted against her in the complaint. "[G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages [and are entitled to qualified immunity] insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Ridgell was plainly acting within her role as an official for the IRS in handling Stephenson's case.

■ "[C]learly established means the contours of the right are sufficiently clear that a reasonable official would understand that what he or she is doing violates that right;

specific conduct need not have been previously held unlawful, so long as the unlawfulness is apparent in light of pre-existing law." *Heidemann v. Rother*, 84 F.3d 1021 (8th Cir.1996) (citing *Manzano v. South Dakota Dep't of Social Servs.*, 60 F.3d 505 (8th Cir. 1995) (quotations omitted)). Stephenson has the burden of showing the rights allegedly violated were clearly established. *J.H.H. v. O'Hara*, 878 F.2d 240, 241 (8th Cir.1989), *cert. denied*, 493 U.S. 1072, 110 S.Ct. 1117, 107 L.Ed.2d 1024 (1990). The Court finds that Stephenson has failed to meet her burden. A reasonable official acting in Ridgell's place would not have understood that his or her actions would have violated any right and she is entitled to qualified immunity even when the facts in the complaint are viewed in the light most favorable to Stephenson.

■ Even if Ridgell were not protected by qualified immunity and did violate Stephenson's constitutional rights, Stephenson's claim against her for due process violations is precluded by the exclusive remedies created by Congress. The Court construes Stephenson's claim against Ridgell under count III as an action sounding in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). A *Bivens* action against individual federal officers is not allowable in certain cases.

A situation where an action will not arise under *Bivens* is when Congress "expressly preclude[s] the creation of such a remedy by declaring that existing statutes provide the exclusive mode of redress." *Bush v. Lucas*, 462 U.S. 367, 373, 103 S.Ct. 2404, 2409, 76 L.Ed.2d 648 (1983). 26 U.S.C. § 7433(a) provides: "[e]xcept as provided in section 7432, such civil action shall be the exclusive remedy resulting from such actions." This language shows that Congress has expressly precluded Stephenson's *Bivens* claim against Ridgell.

Another situation where a *Bivens* action will not be allowed is "[w]hen the design of a government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, . . . ." *Schweiker v. Chilicky*,

487 U.S. 412, 423, 108 S.Ct. 2460, 2468, 101 L.Ed.2d 370 (1988). The Court finds the remedies available under sections 7432 and 7433 of the Internal Revenue Code indicate that Congress considered them adequate to remedy potential constitutional violations. Stephenson's *Bivens* claim against Ridgell revolves around her actions with respect to tax collection and release of liens, both of which are addressed in the Internal Revenue Code's remedies.

### B. The United States

Count I of Stephenson's complaint deals with a claim of wrongful collection under section 7433 of the Internal Revenue Code. The United States asserts that the facts in the complaint are inadequate to set forth such a claim. The applicable standard, however, has been satisfied, because when the complaint is viewed in the light most favorable to Stephenson, the face of the complaint does not show an "insuperable bar to relief." *Frey,* 44 F.3d at 671. The motion shall be denied as to count I.

Count II of Stephenson's complaint deals with a claim of wrongful disclosure under sections 6103 and 7431 of the Internal Revenue Code and the Privacy Act. The portions of count II dealing with sections 6103 and 7431 easily satisfy the standard of pleading set forth in Fed.R.Civ.P. 8(a)(2). Numerous facts including dates of telephone calls and the dates when levies were served or received have been included in the complaint. Dismissal of the portion of count II dealing with these sections shall be denied.

Stephenson alleges at least two (2) telephone contacts Ridgell had with Gregorian violated the Privacy Act. Stephenson's complaint states: "The contacts with the Department of Justice constitute a flagrant violation of the Privacy Act...." An individual may bring a civil action against a federal agency for a violation of the Privacy Act whenever an agency's failure to comply with the Act's provisions has an "adverse effect" on the individual. 5 U.S.C. § 552a(g)(1)(D). The existence of an "adverse effect" on the plaintiff is a requirement for that plaintiff to maintain suit under this section. *Quinn v. Stone,* 978 F.2d 126 (3rd Cir.1992). Although the complaint does not specifically allege an "adverse effect" upon Stephenson, the Court finds that the liberal standard set forth under Fed.R.Civ.P. 8(a)(2) has been satisfied by the alleged facts and the prayer for damages. Dismissal of the claim under the Privacy Act in count II shall therefore be denied.

### III. CONCLUSION

Defendants' motion to dismiss should be and hereby is granted in part and denied in part. The complaint is dismissed with prejudice as to defendant Ridgell because she is protected by the doctrine of qualified immunity and because Stephenson's *Bivens* action against Ridgell is precluded by other remedies pursuant to the intent of Congress. The remainder of the motion is denied and counts I and II of the complaint still endure against the United States.