**Kevin SMITH, Appellant,**

v.

**Mike HUCKABEE, Individually and in his capacity as Governor for the State of Arkansas; Kurt Knickrehm, Individually and in his official capacity as Director of the Department of Human Services (originally sued as Kurt Knicerum); Roy Kindle, Individually and in his official capacity as Director of the Department of Human Services (originally sued as Roy Kindel); Tami Harlan, Individually and in her official capacity as Staff Attorney for Arkansas Department of Human Services (originally**

sued as Tamari Harlan); Lisa McGee, Individually and in her official capacity as Staff Attorney for Arkansas Department of Human Services; Breck Hopkins, Individually and in her official capacity as Staff Attorney for Arkansas Department of Human Services; Robert Trevino, Individually and in his official capacity as ADHA liaison to the Governor's office; Butch Reeves, Individually and in his official capacity as Chief Legal Counsel for the Governor's Office and ADHS; Mark Pryor, Individually and in his official capacity as previous Attorney General; Sherri Robinson, Assistant to the Attorney General, Individually and in her official capacity; Jay Bradford, Individually and in his official capacity as State Representative; Pat Page, Individually and in her official capacity for the Department of Human Services; Tim Lipscombe, Individually and in his official capacity as Investigator for the Department of Human Services originally sued as Tim Lipscom); Vanessa Parker, Individually and in her official capacity as Supervisor for the Department of Human Services; Don Melton, Individually and in his official capacity as Director of the Arkansas State Police; James A. Badami, Individually and in his official capacity at the Judicial Ethics Commission; Jay Wills, Individually and in his official capacity at the Judicial Ethics Commission; Wiley Branton, Individually and in his official capacity as Judge for the 8th Juvenile Division and the 6th Circuit; Mary Spencer McGowan, Individually and in her official capacity as Judge for the 9th Chancery Division; Stark Ligon, Individually and in his official capacity at the Ethics Commission for Attorneys in Little Rock, Arkansas; Lea Ellen Fowler, Individually and in her official capacity Attorney Ad Litem; Paulette Massey, Individually and in her official capacity as LCSW at the Jacksonville Air Force Base (formerly sued as Paulett Massey); Stanley Crisp, Individually and in his official capacity as Detective for the City of Cabot; City of Cabot, Arkansas; Lonoke County, Arkansas; Pulaski County; Darrell Strayton, Individually and in his official capacity as Director of Crimes Against Family Units (originally sued as Darryl Statton); Pam Utely, Individually and in her official capacity as Investigator for the Arkansas State Police; John Howell, Individually and in his official capacity as Investigator for the Arkansas State Police (originally sued as Lt. Howell); Anita Hammons, Individually and in her official capacity as Investigator for the Arkansas State Police (originally sued as Hammonds); Lona McCastalain, Individually and in her official capacity as Prosecuting Attorney for the 23rd Judicial District; Norene Smith, Deputy Prosecutor for the 23rd Judicial District, Individually and in her official capacity as Prosecuting Attorney; Susie Roberts, Individually and in her official capacity as Investigator for the Arkansas Department of Human Services; Amanda Watkins, Individually and in her official capacity as Principal of Cabot West Side Elementary School; Frank Holman, Individually and in his official capacity as Superintendent over the Cabot Public School System; Department of Justice, Eastern District; Bud Cummins, Individually and in his official capacity as Prosecutor for the Federal District of Arkansas (originally sued as Bud

Cummings); Paul Deyoub, Individually and in his official capacity as psychologist in the State of Arkansas and by contract with ADHS for the assessment of children; Joe Quinn, Individually and in his official capacity as previous public relations spokesperson for ADHS; Cabot Public School District, Appellees.

No. 04–2442.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 28, 2005.

Decided Nov. 17, 2005.

Newton Donald Jenkins, Jr., Kara Bideler Moore, Jenkins Law Firm, Alma, AR, for Appellant.

C. Joseph Cordi, Jr., Attorney General's Office, Lea Ellen Fowler, Turbeville & Fowler, Fredrick S. Ursery, Friday & Eldredge, Gwendolyn Dewees Hodge, U.S. Attorney's Office, Scott D. Provencher, Anderson & Murphy, Little Rock, AR, Traci H. LaCerra, Hilburn & Calhoon, David Clifford Sward, Arkansas Municipal League, North Little Rock, AR, Warren Darrel Blount, Hot Springs, AR, William Clay Brazil, Matthew Wayne Adlong, Brazil & Adlong, Conway, AR, for Appellees.

Before BYE, MCMILLIAN, and RILEY, Circuit Judges.

PER CURIAM.

Kevin Smith appeals from the final judgment entered in the District Court[1] for the Eastern District of Arkansas dismissing his 42 U.S.C. § 1983 complaint. For reversal, he argues that the District Court should not have dismissed his complaint based on abstention principles or defendants' immunity from suit. His counsel has since moved to withdraw. For the reasons discussed below, we affirm.

Smith's suit is based on his contention that defendants failed in their duties to protect his daughter by improperly handling Smith's charges that his daughter—who lives with Smith's ex-wife and new husband—was being abused by the husband. However, Smith's case suffers from a fundamental defect: Smith cannot establish he has standing to sue in federal court as required by Article III, because he cannot seek relief on his own behalf for

---

1. The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

alleged violations of his daughter's constitutional rights. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (plaintiff must show that complained-of conduct caused injury in fact to plaintiff that favorable judgment will redress); *Mosby v. Ligon,* 418 F.3d 927, 933 (8th Cir.2005) (prudential limitations on federal court jurisdiction require parties to assert their own legal rights or interests; claims for federal relief cannot rest on legal rights or interests of others); *Frey v. City of Herculaneum,* 44 F.3d 667, 670 (8th Cir. 1995) (standing is element of Article III case or controversy requirement and must be considered as threshold matter). Finally, to the extent that Smith's complaint relates to defendants' actions in his custody dispute, we generally decline to intervene in state domestic-relations matters. *See Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 124 S.Ct. 2301, 2309, 159 L.Ed.2d 98 (2004).

Accordingly, we grant counsel's motion to withdraw, and we affirm the dismissal.