# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-2442

_____

Kevin Smith,                                  *
                                              *
         Appellant,                   *
                                              *
    v.                                       *  Appeal from the United States
                                              *  District Court for the
Mike Huckabee, Individually and in his        *  Eastern District of Arkansas
capacity as Governor for the State of         *
Arkansas; Kurt Knickrehm,                     *  [UNPUBLISHED]
Individually and in his official capacity     *
as Director of the Department of              *
Human Services (originally sued as            *
Kurt Knicerum); Roy Kindle,                   *
Individually and in his official capacity     *
as Director of the Department of              *
Human Services (originally sued as Roy        *
Kindel); Tami Harlan, Individually and        *
in her official capacity as Staff Attorney    *
for Arkansas Department of Human              *
Services (originally sued as Tamari           *
Harlan); Lisa McGee, Individually and         *
in her official capacity as Staff Attorney    *
for Arkansas Department of Human              *
Services; Breck Hopkins, Individually         *
and in her official capacity as Staff         *
Attorney for Arkansas Department of           *
Human Services; Robert Trevino,               *
Individually and in his official capacity     *
as ADHA liaison to the Governor's             *
office; Butch Reeves, Individually and        *
in his official capacity as Chief Legal       *

Counsel for the Governor's Office and     *
ADHS; Mark Pryor, Individually and        *
in his official capacity as previous      *
Attorney General; Sherri Robinson,        *
Assistant to the Attorney General,        *
Individually and in her official          *
capacity; Jay Bradford, Individually      *
and in his official capacity as State     *
Representative; Pat Page, Individually    *
and in her official capacity for the      *
Department of Human Services; Tim         *
Lipscombe, Individually and in his        *
official capacity as Investigator for the *
Department of Human Services              *
originally sued as Tim Lipscom);          *
Vanessa Parker, Individually and in her   *
official capacity as Supervisor for the   *
Department of Human Services; Don         *
Melton, Individually and in his official  *
capacity as Director of the Arkansas      *
State Police; James A. Badami,            *
Individually and in his official capacity *
at the Judicial Ethics Commission; Jay    *
Wills, Individually and in his official   *
capacity at the Judicial Ethics           *
Commission; Wiley Branton,                *
Individually and in his official capacity *
as Judge for the 8th Juvenile Division    *
and the 6th Circuit; Mary Spencer         *
McGowan, Individually and in her          *
official capacity as Judge for the 9th     *
Chancery Division; Stark Ligon,           *
Individually and in his official capacity *
at the Ethics Commission for Attorneys    *
in Little Rock, Arkansas; Lea Ellen       *
Fowler, Individually and in her official  *
capacity Attorney Ad Litem; Paulette      *

Massey, Individually and in her     *
official capacity as LCSW at the     *
Jacksonville Air Force Base (formerly     *
sued as Paulett Massey); Stanley Crisp,     *
Individually and in his official capacity     *
as Detective for the City of Cabot; City     *
of Cabot, Arkansas; Lonoke County,     *
Arkansas; Pulaski County; Darrell     *
Strayton, Individually and in his     *
official capacity as Director of Crimes     *
Against Family Units (originally sued     *
as Darryl Statton); Pam Utely,     *
Individually and in her official capacity     *
as Investigator for the Arkansas State     *
Police; John Howell, Individually and     *
in his official capacity as Investigator     *
for the Arkansas State Police     *
(originally sued as Lt. Howell); Anita     *
Hammons, Individually and in her     *
official capacity as Investigator for the     *
Arkansas State Police (originally sued     *
as Hammonds); Lona McCastalain,     *
Individually and in her official capacity     *
as Prosecuting Attorney for the 23rd     *
Jucidial District; Norene Smith, Deputy     *
Prosecutor for the 23rd Judicial     *
District, Individually and in her official     *
capacity as Prosecuting Attorney; Susie     *
Roberts, Individually and in her official     *
capacity as Investigator for the     *
Arkansas Department of Human     *
Services; Amanda Watkins,     *
Individually and in her official capacity     *
as Principal of Cabot West Side     *
Elementary School; Frank Holman,     *
Individually and in his official capacity     *
as Superintendent over the Cabot Public *

School System; Department of Justice,   *
Eastern District; Bud Cummins,         *
Individually and in his official capacity   *
as Prosecutor for the Federal District of   *
Arkansas (originally sued as Bud       *
Cummings); Paul Deyoub, Individually   *
and in his official capacity as        *
psychologist in the State of Arkansas   *
and by contract with ADHS for the      *
assessment of children; Joe Quinn,     *
Individually and in his official capacity   *
as previous public relations           *
spokesperson for ADHS; Cabot Public    *
School District,                       *
                                       *
          Appellees.                   *

_____

Submitted: October 28, 2005
Filed: November 17, 2005

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Kevin Smith appeals from the final judgment entered in the District Court[1] for the Eastern District of Arkansas dismissing his 42 U.S.C. § 1983 complaint. For reversal, he argues that the District Court should not have dismissed his complaint based on abstention principles or defendants' immunity from suit. His counsel has since moved to withdraw. For the reasons discussed below, we affirm.

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

-4-

Smith's suit is based on his contention that defendants failed in their duties to protect his daughter by improperly handling Smith's charges that his daughter--who lives with Smith's ex-wife and new husband--was being abused by the husband. However, Smith's case suffers from a fundamental defect: Smith cannot establish he has standing to sue in federal court as required by Article III, because he cannot seek relief on his own behalf for alleged violations of his daughter's constitutional rights. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (plaintiff must show that complained-of conduct caused injury in fact to plaintiff that favorable judgment will redress); Mosby v Ligon, 418 F.3d 927, 933 (8th Cir. 2005) (prudential limitations on federal court jurisdiction require parties to assert their own legal rights or interests; claims for federal relief cannot rest on legal rights or interests of others); Frey v. City of Herculaneum, 44 F.3d 667, 670 (8th Cir. 1995) (standing is element of Article III case or controversy requirement and must be considered as threshold matter). Finally, to the extent that Smith's complaint relates to defendants' actions in his custody dispute, we generally decline to intervene in state domestic-relations matters. See Elk Grove Unified Sch. Dist. v. Newdow, 124 S. Ct. 2301, 2309 (2004).

Accordingly, we grant counsel's motion to withdraw, and we affirm the dismissal.

_____