# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1097

_____

Morgan Enowmbitang,      *
    *
      Appellant,     *
    *    Appeal from the United States
     v.     *    District Court for the
    *    District of Minnesota.
Seagate Technology, Inc.,     *
    *
      Appellee.     *

_____

Submitted: June 12, 1998
Filed: July 2, 1998

_____

Before BEAM, ROSS, and MAGILL, Circuit Judges.

_____

MAGILL, Circuit Judge.

Morgan Enowmbitang, a black immigrant from Cameroon, was employed by Seagate Technologies, Inc. (Seagate) in Minneapolis, Minnesota from 1991 until 1994. After Seagate failed to promote him on five different occasions, Enowmbitang resigned and brought this Title VII action against Seagate, alleging that Seagate refused to promote him because of his race and national origin. Following discovery, the district

court[1] granted summary judgment against Enowmbitang. We affirm.

## I.

Seagate hired Enowmbitang as a machine operator in September 1991, shortly after he had received a bachelor's degree from St. Cloud State University in industrial engineering, with a grade point average (GPA) of 2.25 on a 4-point scale. In January 1992, Seagate promoted Enowmbitang to the position of engineering technician, with a wage of $8.92 per hour. Enowmbitang subsequently received several pay and grade raises, and was earning $12.29 per hour at the time of his resignation in September 1994. While working at Seagate, Enowmbitang began a master's degree program in engineering at St. Thomas University. Enowmbitang completed course work for his master's degree in 1993, and received his degree in 1997.

While employed by Seagate, Enowmbitang sought a promotion to industrial engineer, a position offering greater compensation and requiring greater responsibility than the position of engineering technician. Enowmbitang applied for the position five times, and each time Seagate selected a different candidate. The candidates selected instead of Enowmbitang had undergraduate GPAs that were superior to Enowmbitang's, ranging from 3.23 to 3.8. Seagate contends that it based its decisions, in part, on the superior GPAs possessed by the successful candidates.

Following his resignation from Seagate, Enowmbitang filed claims of discrimination with the Minnesota Department of Human Rights and the Equal Employment Opportunity Commission, and subsequently filed this complaint with the district court. In his complaint, Enowmbitang alleged that Seagate had violated Title VII, 42 U.S.C. § 2000e-2(a)(1), and the Minnesota Human Rights Act, Minn. Stat. §

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

363.03, Subd. 1(2)(c), by passing him over for promotions because of his race and national origin, by failing to give him a computer to work on, and by giving him an unfairly poor evaluation.

Following discovery and upon motion by Seagate, the district court granted partial summary judgment against Enowmbitang on his failure to promote claim. Subsequently, the district court sua sponte granted summary judgment against Enowmbitang on his remaining claims, concluding that he had failed to state a claim upon which relief could be granted. Enowmbitang now appeals.

## II.

Enowmbitang first argues that the district court erred in granting summary judgment against him on his failure to promote claim. Reviewing the district court's grant of summary judgment de novo, see Unigroup, Inc. v. O'Rourke Storage & Transfer Co., 980 F.2d 1217, 1219 (8th Cir. 1992), this Court applies the shifting burden analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800-06 (1973), to Enowmbitang's claim. Here, Enowmbitang has the burden of presenting a prima facie case of discrimination, which creates a presumption of discrimination. The presumption of discrimination is rebutted if Seagate presents a nondiscriminatory reason for not promoting Enowmbitang. Enowmbitang then has the burden of presenting evidence that Seagate's reasons were pretextual for discrimination. If Enowmbitang cannot meet this burden, summary judgment for Seagate is proper. See Ryther v. KARE 11, 108 F.3d 832, 836 (8th Cir.) (en banc) (describing shifting burden analysis), cert. denied, 117 S. Ct. 2510 (1997).

Seagate has conceded that Enowmbitang presented prima facie cases of discrimination based on race and national origin: Enowmbitang is a member of protected classes, he applied for the promotions, he was qualified for the promotions, and the promotions went to persons who are not members of protected classes. See

Lidge-Myrtil v. Deere & Co., 49 F.3d 1308, 1310 (8th Cir. 1995) (describing elements of a prima facie case). We conclude that Seagate has also met its burden of presenting a nondiscriminatory reason for its hiring decisions--the other candidates each had better GPAs than Enowmbitang.

We also conclude that Enowmbitang has failed to meet his burden of presenting evidence showing that Seagate's reason is pretextual. Seagate personnel have explained that the industrial engineer position has a GPA requirement. See Aff. of Richard Berger ¶ 2 ("In order to be a candidate for an engineering position at Seagate's Recording Head Operations, all applicants are screened against a grade point average ('GPA') of 3.0 or better on a 4.0 scale."), reprinted in Appellee's App. at 108; see also Dep. of Michael Usrey at 47-48 ("My understanding of Seagate's requirement is an engineering degree from an ABET accredited institution with a GPA of 3.3."), reprinted in Appellant's App. at 121-22. It is undisputed that each of the five individuals selected to be industrial engineers instead of Enowmbitang had an undergraduate GPA over 3.2, which is significantly superior to Enowmbitang's undergraduate GPA of 2.25. Enowmbitang presented no evidence to the district court to support his bare assertion that GPA was unimportant to Seagate, and that the real reason that Enowmbitang was not promoted was because of his race or his national origin. Accordingly, we conclude that the district court properly granted summary judgment on Enowmbitang's failure to promote claim.[2]

---

[2]Enowmbitang has submitted to this Court a number of documents, including his own deposition, which were never presented to the district court. Relying on this Court's precedent, Seagate has moved to strike these documents from the Appellant's Appendix. See Rivers-Frison v. Southeast Mo. Community Treatment Ctr., 133 F.3d 616, 619 n.2 (8th Cir. 1998). Because these materials were available to Enowmbitang but were not submitted to the district court, we decline to consider them on appeal, and we grant Seagate's motion to strike.

**III.**

Enowmbitang also contends that the district court erred in granting summary judgment sua sponte on his remaining claims without giving him an opportunity to respond. We disagree.

A district court may properly grant summary judgment sua sponte and without prior notice "if the losing party has failed to state a claim upon which relief may be granted." Coplin v. Fairfield Pub. Access Television Comm., 111 F.3d 1395, 1407 (8th Cir. 1997). We review a dismissal for failure to state a claim de novo, viewing the complaint in the light most favorable to the plaintiff. See Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995). A complaint shall be dismissed for failure to state a claim "only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations." Id. (quotations omitted).

To bring a cause of action under Title VII, a plaintiff must allege that he has suffered adverse employment action. See Ledergerber v. Stangler, 122 F.3d 1142, 1144 (8th Cir. 1997). Adverse employment action is that which materially alters the terms or conditions of the plaintiff's employment. Id. at 1144-45. Seagate's failure to provide Enowmbitang a computer does not rise above a "mere inconvenience" and therefore does not constitute an adverse employment action, id. at 1144 (quotations omitted); whether Seagate wishes to give its technicians specific pieces of equipment is a business decision that is not susceptible to judicial oversight. Similarly, while Enowmbitang has alleged that he received an unfairly poor evaluation from Seagate, he has not alleged that Seagate used the poor evaluation to Enowmbitang's detriment in any way. Because the poor evaluation did not change the terms or conditions of Enowmbitang's employment, it was not an adverse employment action, and is therefore not actionable under Title VII.

Finally, Enowmbitang argues on appeal that he "was consistently paid less than

similarly situated non-foreign born Caucasian employees." Appellant's Br. at 27. This argument was not raised in Enowmbitang's complaint, was not considered by the district court, and will not be considered for the first time on appeal. See Von Kerssenbrock-Praschma v. Saunders, 121 F.3d 373, 375 (8th Cir. 1997). Accordingly, we affirm the district court's grant of summary judgment against Enowmbitang.

A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.