# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 00-2394/2775

_____

Anthony C. Kenney,              *
                                        *

        Appellant,     *

                                        *

     v.                    *

                                        *

Greg Musgreves, Safety Director,    *
Navajo Trucking; Navajo     *
Trucking, Inc.,     *

                                        *

        Appellees.     *


_____

No. 00-2395

_____

Anthony C. Kenney,    *

        Appellant,     *

     v.                    *

Mike Dunby, Foreman; Hall Tank, Inc.,   *

        Appellees.     *

Appeals from the United States
District Court for the Eastern
District of Arkansas.

[UNPUBLISHED]

_____

No. 00-2396
_____

Anthony C. Kenney,                   *
                                       *

        Appellant,            *
                                         *

    v.                                *
                                         *

Gary Grable; Swift Transportation, Inc.,  *
                                         *

        Appellees.          *
_____

Submitted:  October 6, 2000

Filed:   November 7, 2000
_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
     Judges.
_____

PER CURIAM.

In these consolidated pro se appeals, Anthony Kenney, an African American male, challenges the dismissal of two employment discrimination suits under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII), and the grant of summary judgment in a third such suit.

In one of the dismissed actions, Appeal No. 00-2396, Mr. Kenney named Swift Transportation, Inc. (Swift) and Gary Grable, a Swift recruiter, indicating that they failed to hire him because of his race.  To his complaint, Mr. Kenney attached his

-2-

charge of discrimination before the Equal Employment Opportunity Commission (EEOC), in which he stated he was told he was not hired as a truck driver because he did not pass the "Board of Review," but he believed he was not hired because of his race. Upon defendants' motion, the district court dismissed the complaint, concluding Mr. Grable was not an employer, and Mr. Kenney's complaint offered no "factual support" and did not allege that he was qualified for the job.

We agree that dismissal as to Mr. Grable was proper because he was not an employer under Title VII. See Roark v. City of Hazen, 189 F.3d 758, 761 (8th Cir. 1999). We conclude, however, that Mr. Kenney's allegation that he was not hired because of his race was sufficient to state a claim against Swift; we note that Mr. Kenny was not required to plead the specific fact that he was qualified. See Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994) (plaintiff's allegations that hospital discharged her because of race, in violation of Title VII, sufficed to state claim against hospital); Ring v. First Interstate Mortgage, Inc., 984 F.2d 924, 927 (8th Cir. 1993) (prima facie case is evidentiary standard, which is not proper measure of whether complaint fails to state claim); see also Cooper v. Schriro, 189 F.3d 781, 783-84 (8th Cir. 1999) (per curiam) (treating facts alleged in attachment to pro se complaint as part of complaint).

As to Appeal Nos. 00-2394 and 00-2775, we conclude dismissal was proper, as Mr. Kenney's amended complaint did not allege he was a victim of discrimination. See In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000) (amended complaint supersedes original complaint and renders original complaint without legal effect). In Appeal No. 00-2395, we conclude that the district court correctly granted summary judgment to defendants, as Mr. Kenney did not present evidence of a causal connection between his race and his discharge. See Enowmbitang v. Seagate Tech., Inc., 148 F.3d 970, 973 (8th Cir. 1998) (summary judgment is proper where plaintiff submits no evidence showing that adverse employment action is based upon race).

Accordingly, we affirm in Appeal Nos. 00-2394, 00-2395, and 00-2775.  In Appeal No. 00-2396, we affirm the dismissal as to Mr. Grable, but we reverse as to Swift, and remand for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.