[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10594
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 12, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00406-CV-CAR-5

BONNIE HARBUCK,

Plaintiff-Appellant,

versus

PETER B. TEETS,
Acting Secretary of the Air Force,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(October 12, 2005)**

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Bonnie Harbuck appeals the district court's grant of summary judgment to Peter B. Teets, acting Secretary of the Air Force, in her Title VII action. Harbuck asserts the district court erred by: (1) allowing the district court's own computer personnel to evaluate electronic data, (2) finding the Air Force had fully produced electronic discovery, and (3) failing to impose an adverse inference against the Air Force for not producing all discoverable data. We affirm the district court.

## I. BACKGROUND

Harbuck is employed by the Department of the Air Force at Warner Robins Air Force Base Logistics Center as a computer assistant and has been employed there since 1979. She filed a civil lawsuit based on an EEOC complaint on February 27, 2001, arising from other employment complaints. She filed the instant action on November 5, 2002, asserting the Air Force violated Title VII by its alleged retaliation against her for her past EEOC activities and subjecting her to a hostile work environment.[1]

In her complaint, Harbuck alleged the following: (1) the room where she works is too cold for comfort; (2) she and one other employee are certified to work

---

[1] In her initial brief, Harbuck claims this is a employment discrimination case based on retaliation, and does not mention her ADEA or other tort causes of action. Thus, she has abandoned any argument related to the ADEA or other torts. *See Greenbriar Village L.L.C. v. Mountain Brook*, 345 F.3d 1258, 1262 n.2 (11th Cir. 2003).

on safe inventory, but the Air Force assigned an uncertified person to work with Harbuck on the safe inventory, which violated security procedures; (3) another employee is allowed to use flex time, while Harbuck is not (Harbuck admits she never asked for flex time); (4) another employee does not have to use leave to go to doctors' appointments, while Harbuck does; (5) other employees are allowed to falsify time and attendance records, while she is not; (6) a co-worker asked her when her lawsuit would be over; (7) she has been subject to heightened scrutiny since her deposition in her previous EEOC complaint; and (8) her supervisor revealed some information discussed in a deposition taken of him in her previous lawsuit to co-workers, resulting in them laughing at her, giving her the silent treatment, and not inviting her to outside activities.

Regarding discovery, Harbuck filed a motion to compel claiming the Air Force was deliberately deleting e-mails and destroying documents in an attempt to frustrate her discovery. The district court had two telephone conferences and two discovery hearings on Harbuck's discovery dispute. The district court ordered both parties to submit their copies of data to the district court's Information Technology personnel to see if the material could be retrieved. The court's personnel had no problems retrieving the information from the data. Accordingly, the district court closed discovery and did not require the Air Force to do anything

3

more regarding discovery. In granting the summary judgment motion, the district court stated it had dealt with this discovery dispute numerous times, and the district court found no reason to believe the Air Force was hiding any information or otherwise attempting to harass Harbuck in the discovery process.

## II. DISCUSSION

"[W]e will not overturn discovery rulings 'unless it is shown that the District Court's ruling resulted in substantial harm to the appellant's case.'" *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1286 (11th Cir. 2003) (citation omitted). Therefore, it is necessary to determine whether Harbuck could establish a prima facie case of retaliation or hostile work environment even if her discovery allegations are true.

One of the requirements for a prima facie case of employment discrimination under Title VII's retaliation clause is that the plaintiff must be subjected to an adverse employment action. *Davis v. City of Lake Park, Fla.*, 245 F.3d 1232, 1238 (11th Cir. 2001). A requirement for establishing a hostile work environment claim under Title VII is "that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment." *Walton v. Johnson & Johnson Servs., Inc.*, 347 F.3d 1272, 1280 (11th Cir. 2003).

4

Harbuck cannot put forth a prima facie case of discrimination. The actions about which Harbuck complains do not constitute an adverse employment action or a hostile working environment. *See Davis*, 245 F.3d at 1238 (stating basic principle that "Title VII is neither a general civility code nor a statute making actionable the ordinary tribulations of the workplace"); *Doe v. Dekalb County School Dist.*, 145 F.3d 1441, 1449 (11th Cir. 1998) (observing not every unkind act rises to the level of adverse employment action). Thus, the district court's discovery rulings could not have resulted in substantial harm to her case. *See Iraola*, 325 F.3d at 1286.

In addition, Harbuck's discovery allegations on their own are without merit. "We review the district court's rulings on discovery issues for an abuse of discretion." *Wright v. AmSouth Bancorporation*, 320 F.3d 1198, 1205 (11th Cir. 2003). "District judges are accorded wide discretion in ruling upon discovery motions, and appellate review is accordingly deferential." *Harris v. Chapman*, 97 F.3d 499, 506 (11th Cir. 1996).

First, Harbuck asserts "[w]hen the [district court] allowed its own personnel to evaluate the computer data without the presence of either counsel and without the benefit of examination of the witnesses, the [district court] prejudiced the entire case. The [district court] could have appointed a neutral person to evaluate

5

the data, and subjected that neutral person to cross examination as to the person's methodology and retrieval methods." Harbuck has failed to cite any authority to support the assertion the district court could not review the data. The district court *is* a neutral party in the case. Harbuck does not claim the district court had any improper agenda in having its personnel evaluate the data. We conclude this contention is without merit, and the district court did not abuse its discretion in having its personnel evaluate the data.

Next, Harbuck asserts the Air Force's electronic discovery was not fully produced. We agree with the district court that there is no reason to believe the Air Force was hiding any information or otherwise attempting to harass Harbuck in the discovery process. In turn, Harbuck's argument regarding an adverse inference also fails.

## III.  CONCLUSION

Even if Harbuck's discovery allegations were true, she could not make out a prima facie case of retaliation or hostile work environment. In addition, we conclude her discovery allegations are without merit.

**AFFIRMED.**

6