Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 06-2509

TANIOS ABIDAOUD,

Petitioner,

v.

ALBERTO R. GONZALES,
ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

ON PETITION FOR REVIEW FROM AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Lipez, Circuit Judge,
Selya and Stahl, Senior Circuit Judges.

Michael A. Paris and Cutler & Associates on brief for
petitioner.
Jesse M. Bless, Attorney, Office of Immigration Litigation,
David V. Bernal, Assistant Director, and Peter D. Keisler,
Assistant Attorney General, on brief for respondent.

September 4, 2007

**STAHL**, <u>Senior Circuit Judge</u>. Petitioner Tanios Abidaoud appeals from an order of the Board of Immigration Appeals (BIA), which affirmed an Immigration Judge's (IJ's) denial of his asylum claim and other attendant immigration claims. Because a reasonable fact-finder would not be compelled to conclude to the contrary, we affirm the BIA's denial of petitioner's asylum claim.[1] In addition, because we find no abuse of discretion, we also deny petitioner's petition to review the BIA's denial of a motion to reopen based on changed country conditions.

The IJ found petitioner credible. Therefore, we relate the facts of the case as he testified to them. Petitioner is a Maronite Christian, born and raised in Lebanon. For several months in his late teens he was a member of the Lebanese Forces, an armed group that aimed to protect the Lebanese Christian minority during that country's civil war. Petitioner left Lebanon in 1990 for Lithuania, having received a scholarship to study architecture there. He remained in Lithuania as a student for seven years, and while there met and married his Lithuanian-born wife.

In 1997, the couple moved to Lebanon, where petitioner continued to develop his interest in Lebanon's Phoenician past. He founded a political party, the United Phoenician Party (UPP), whose

---

[1]While petitioner purports to appeal from the BIA's denial of withholding of removal and protection under the Convention Against Torture, he makes no sustained argumentation regarding either of these claims. Therefore, we deem them waived. <u>See</u> <u>United States</u> v. <u>Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990).

principal tenet is that the various religious and ethnic factions in Lebanon can peacefully co-exist if they rediscover their common Phoenician roots. Petitioner attempted to register his party with the Lebanese Interior Ministry, but his request was denied. At the time of his asylum hearing in 2005, petitioner attested that there were about ten UPP members worldwide.

Petitioner testified that his advocacy on behalf of the UPP led to political disagreements with his employer in Lebanon, and petitioner was fired as a result. Petitioner also testified that he received three threatening telephone calls while in Lebanon, during which unidentified callers threatened him with "disappearance" and other harms. He believed that the threats were related to his leadership of the UPP. The callers did not, however, reference the UPP or petitioner's political beliefs. After the second phone call, petitioner sent his wife and son to Lithuania, out of concern for their safety. At some point after the third phone call, petitioner himself left Lebanon for Canada. After spending two months in Canada, he entered the United States in September 1999 on a one-year nonimmigrant visa.

On appeal, petitioner points out a factual discrepancy in the record regarding when he received the three threatening telephone calls. In his written testimony and I-589 asylum application, petitioner alleged that the threatening phone calls began in 1998 and continued in 1999, and that he left Lebanon in

-3-

1999, shortly after the third call. In contrast, in his oral testimony, petitioner stated that the phone calls occurred in 1997 and 1998, and that there was a nine-month gap between the third phone call and his 1999 departure. However, in other oral testimony, he corroborated his written application, saying that he left Lebanon shortly after he received the third phone call. The IJ credited petitioner's statement that he waited nine months after the third call to leave Lebanon, and the BIA noted this nine-month gap as evidence of petitioner's objective lack of fear of persecution.

We review the decision below for substantial evidence, accepting the BIA's findings of fact if they are supported by "'reasonable, substantial, and probative evidence on the record considered as a whole.'" Njenga v. Ashcroft, 386 F.3d 335, 338 (1st Cir. 2004) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)). We will reverse only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). The burden of establishing eligibility for asylum is carried by the petitioner, who must prove either past persecution (thus giving rise to an inference of future persecution) or a well-founded fear of persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion. Bocova v. Gonzales, 412 F.3d 257, 262 (1st Cir. 2005).

Because the petitioner in this case only claims a well-founded fear of future persecution, we do not address whether he suffered past persecution. "A well-founded fear of future persecution entails both subjective and objective components. The petitioner must demonstrate not only that she harbors a genuine fear of future persecution but also that her fear is objectively reasonable." Negeya v. Gonzales, 417 F.3d 78, 82-83 (1st Cir. 2005). Assuming that the petitioner in this case has satisfied the subjective component, we address only whether the objective component has been sufficiently met. To do so, the petitioner must show "'credible, direct, and specific evidence'" that would objectively support a reasonable fear of future individualized persecution based on a statutorily protected ground. Guzman v. INS, 327 F.3d 11, 16 (1st Cir. 2003) (quoting Ravindran v. INS, 976 F.2d 754, 758 (1st Cir. 1992)).

Therefore, we must decide whether the record evidence compels the conclusion that the petitioner has established a well-founded fear of future persecution. We conclude that it does not.

Several factors undermine petitioner's claim that the record compels a favorable outcome on his asylum claim: he failed to show any evidence of a connection between the three threats he received and his political activities; he was not detained or otherwise mistreated while living in Lebanon; he testified that he remained in Lebanon for nine months following the third threat; and

he offered no evidence that other members of his political party have suffered harm, either at the time petitioner was in Lebanon or since he left the country. Given our limited scope of review, we cannot conclude that this record compels the conclusion that petitioner has a well-founded fear of persecution were he to return to Lebanon.

We also briefly address petitioner's claim that he misspoke during his oral testimony when he stated that nine months elapsed between the third threat and his departure from Lebanon. He argues that other evidence in the record suggests that he left shortly after he received the third threat, and that the IJ should have credited that evidence, rather than his alleged misstatements. However, the fact that the record could support a different conclusion than that reached by the IJ is not sufficient to compel our reversal of that finding of fact. See Ziu v. Gonzales, 412 F.3d 202, 204 (1st Cir. 2005) ("[T]hat the record could support an alternate inference from the one drawn by the IJ does not warrant overturning the IJ's decision.").

Petitioner makes a second, underdeveloped argument requesting that his case be remanded to the BIA based on changed country conditions in Lebanon, and contesting the BIA's denial of a similar motion to reopen. While petitioner may well have waived this issue due to a lack of developed argumentation, see United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990), his claim also

fails on the merits. To reverse the BIA's denial of a motion to reopen, we would have to determine that such a decision constituted an abuse of discretion. See Roberts v. Gonzales, 422 F.3d 33, 35 (1st Cir. 2005). To prevail on a motion to reopen based on changed country conditions, the petitioner must demonstrate "[c]hanges in conditions in the applicant's country of nationality" that "materially affect[] the applicant's eligibility for asylum." 8 C.F.R. § 1208.4(a)(4)(i)(A). Here, the BIA did not abuse its discretion in denying the motion to reopen where petitioner failed to connect the increased civil strife in Lebanon to his particular grounds for claiming asylum.

For the foregoing reasons, the petition for review is denied. The decision of the BIA is affirmed.