# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2274

_____

Sandra L. O'Brien; Donna E. Peterson,    *
  *
      Plaintiffs - Appellants,    *
  *    Appeal from the United States
  v.    *    District Court for the
  *    Eastern District of Arkansas.
Department of Agriculture,    *
Mike Johanns, Secretary,    *
  *
      Defendant - Appellee.    *

_____

Submitted: February 15, 2008
Filed:  July 16, 2008

_____

Before MELLOY, GRUENDER, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Appellants, Sandra L. O'Brien, a white employee of the United States Department of Agriculture (USDA), Natural Resources Conservation Service (NRCS), and Donna E. Peterson, a white former employee of NRCS, appeal the district court's[1] grant of the USDA's motion for summary judgment on all their claims. We affirm.

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

I.

We recite the facts in the light most favorable to Appellants, as the nonmoving parties. Elnashar v. Speedway SuperAmerica, LLC, 484 F.3d 1046, 1055 (8th Cir. 2007). Peterson served as NRCS Human Resources Officer in Little Rock, Arkansas. Her immediate supervisor was Joseph Manuel, a white employee. Peterson's second line supervisor was Kalven Trice, the State Conservationist for Arkansas and the chief NRCS official in the state. Trice is African-American. Peterson supervised O'Brien, a Human Resources Specialist. O'Brien's position entails rating and ranking job applicants, including utilizing the Delegated Examining Unit ("DEU") to rank applicants from outside the Agency.

In 2003, O'Brien was undergoing chemotherapy following several cancer surgeries. Trice did not respond to O'Brien's request to work from home in May 2003. Trice approved O'Brien's second request in September 2003. On October 9, 2003, Trice held a meeting in which he informed O'Brien of what Trice perceived to be deficiencies with the list O'Brien issued of the best qualified candidates for two secretarial positions. O'Brien testified that Trice was upset that a friend of his, an African-American, was not on the list of rated applicants. During the meeting, both Trice and O'Brien raised their voices, and O'Brien was reduced to tears. On October 15, 2003, O'Brien filed an informal complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC"); Peterson provided a supportive statement. Trice was aware of this. O'Brien lodged a formal EEOC complaint on December 2, 2003.

Following Appellants' EEOC activity, Trice scrutinized Appellants' travel documents arising out of a training session they attended in San Diego, California and issued a memorandum stating that they had acted improperly in relation to their travel vouchers; did not allow Peterson to serve as acting state administrative officer though Manuel had designated her to do so; suspended O'Brien's DEU authority; sent partial

files concerning the secretarial applicants to regional and national headquarters to be reviewed; did not allow O'Brien to attend a training session in Texas; failed to respond to Peterson's request to work from home in a sufficient manner; denied O'Brien a performance award; discussed suspending them; and attempted to institute disciplinary action against them. In addition to the discrete events described above, Appellants state, without specificity, that Trice: interfered with their work on a daily to weekly basis; embarrassed, isolated, and ostracized them; closely scrutinized and criticized their work; and increased their workload .

O'Brien filed a second EEOC complaint on May 29, 2004. Peterson filed an EEOC complaint on July 14, 2004. On April 30, 2005, Peterson retired; she was replaced by a white employee. On June 13, 2006, Appellants filed this action against the USDA under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, claiming hostile work environment based on race discrimination and retaliation. Peterson also alleges constructive discharge.

The district court granted the USDA's motion for summary judgment on all claims. The court determined that Appellants failed to: (1) satisfy the affecting a term, condition, or privilege of employment element of a prima facie case of hostile work environment and (2) show a prima facie case of retaliation because they had not proffered evidence that Trice's treatment of them was materially adverse. The court also concluded that Peterson's constructive discharge claim failed as a matter of law because the record did not contain evidence suggesting: (1) the requisite objectively intolerable working conditions or (2) that Trice intentionally created the conditions in an effort to cause Peterson to quit. Appellants bring this appeal.

II.

"Mindful that summary judgment should be granted in employment discrimination cases only if the evidence could not support any reasonable inference

of discrimination, we review the district court's grant of summary judgment de novo, affirming if there is no genuine issue of material fact and [the USDA] is entitled to judgment as a matter of law." Elnashar, 484 F.3d at 1055. In conducting this review, "[w]e view all the evidence in the light most favorable to the non-moving part[ies], [Appellants], and draw all reasonable inferences in [their] favor." Id.

## A. Hostile Work Environment

A racially hostile work environment violates Title VII. 42 U.S.C. § 2000e-2(a)(1); Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993). To make a prima facie showing of such a claim, Appellants must demonstrate, among other things, that "the harassment affected a term, condition, or privilege of [their] employment." Elnashar, 484 F.3d at 1058. This requires offering facts that show the harassment to have been "'sufficiently severe or pervasive to alter the conditions of [Appellants'] employment and create an abusive working environment' as viewed objectively by a reasonable person." Carpenter v. Con-Way Cent. Express, Inc., 481 F.3d 611, 618 (8th Cir. 2007) (quoting Tademe v. Saint Cloud State Univ., 328 F.3d 982, 991 (8th Cir. 2003)).

Appellants contend that the district court failed to consider the totality of the circumstances, examining instead only a few instances of Trice's alleged harassment. Hostile work environment claims are assessed based on the totality of the circumstances, Vajdl v. Mesabi Acad. of KidsPeace, Inc., 484 F.3d 546, 551 (8th Cir. 2007); however, Appellants seem to argue that the sheer number of alleged instances of harassment must equate to a racially hostile work environment. We disagree. The frequency of the alleged harassment is only one of the relevant factors in determining whether it was sufficiently severe or pervasive. Harris, 510 U.S. at 23. We also consider "its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id. Despite the hyperbolic and conclusory nature of Appellants'

supporting affidavits, Trice's actions, as alleged, lack the requisite severity to be actionable. See Nitsche v. CEO of Osage Valley Elec. Coop., 446 F.3d 841, 846 (8th Cir. 2006) ("To be actionable, the conduct complained of must be *extreme in nature* and not merely rude or unpleasant.") (emphasis added).

Basically, the allegations may be distilled to verbal harassment and increased scrutiny. Therefore, we find entirely unconvincing Appellants' attempt to analogize this case to Jackson v. Flint Ink N. Am. Corp., 382 F.3d 869 (8th Cir. 2004) and Mems v. City of St. Paul, Dept. of Fire & Safety Servs., 224 F.3d 735 (8th Cir. 2000), two cases in which this court reversed the district court's grant of summary judgment for the employer on hostile work environment claims. The plaintiff in Jackson was an African-American factory worker who faced his name being written in a shower at his workplace with an arrow connecting his name with a burning cross and a KKK sign. 382 F.3d at 870. Mems involved African-American firefighters who: were required to leave the station promptly at the end of a shift and respond to all calls wearing full protective gear, while white firefighters were not; endured the display of racially offensive cartoons; and suffered the destruction of their property. 224 F.3d at 738-39.

Moreover, Appellants attempt to characterize this fact situation as at least the kind of borderline case presented by Rorie v. United Parcel Serv., Inc., 151 F.3d 757 (8th Cir. 1998), similarly falls short. The Rorie Court stated,

> While we concede that the facts of this case are on the borderline of those sufficient to support a claim of sexual harassment, we cannot say that a supervisor who pats a female employee on the back, brushes up against her, and tells her she smells good does not constitute sexual harassment as a matter of law.

Id. at 762. Rorie involved physical touching, which distinguishes it from this case.

Rather, the district court correctly analogized this case to <u>Bradley v. Widnall</u>, 232 F.3d 626 (8th Cir. 2000), where we found an employer's conduct was not so severe or pervasive to have affected a term or condition of employment despite the employee's "frustrating work situation" characterized by her being: excluded from the decision-making process, treated with disrespect, subjected to false complaints, and curtailed in her supervisory duties. <u>Id.</u> at 631-32; <u>see</u> <u>Devin v. Schwan's Home Serv., Inc.</u>, 491 F.3d 778, 788 (8th Cir. 2007) (finding allegations "amount[ed] to a frustrating work environment rather than an objectively hostile work environment."); <u>see also</u> <u>Breeding v. Arthur J. Gallagher & Co.</u>, 164 F.3d 1151, 1159 (8th Cir. 1999) (concluding that unfair criticism and being yelled at did not amount to actionable harassment). Although increased scrutiny might, at some point, amount to a hostile work environment, nothing in this record warrants such a finding. <u>See</u> <u>Harbuck v. Teets</u>, 152 F. App'x 846, 847-48 (11th Cir. 2005) (unpublished per curiam) (holding that employer's conduct, including keeping workplace too cold, subjecting employee to heightened scrutiny, and revealing some information disclosed in prior lawsuit to her co-workers, did not constitute a hostile work environment); <u>Martinelli v. Penn Millers Ins. Co.</u>, No. 07-1956, 2008 WL 723973, *3 (3d Cir. March 18, 2008) (unpublished) (finding that employer's scrutiny of employee's work, "while unpleasant and annoying, did not create the sort of hostile work environment that would satisfy Title VII's anti-retaliation provision"). Because Appellants' working conditions were not so severe or pervasive that they rose to the level of a racially hostile work environment, the district court properly granted summary judgment to the USDA on this claim.

## B. Constructive Discharge

Peterson asserts that the district court's grant of summary judgment to the USDA on her constructive discharge claim is improper because genuine issues of material fact exist. Even though Peterson resigned, she may still have a Title VII claim by demonstrating that she was constructively discharged. <u>Carpenter</u>, 481 F.3d

at 616. To do so, she must first show that "a reasonable person in [her] situation would find the working conditions intolerable . . . ." Anda v. Wickes Furniture Co., 517 F.3d 526, 534 (8th Cir. 2008) (quoting Carpenter, 481 F.3d at 616). This burden is "substantial," Fisher v. Forestwood Co., 525 F.3d 972, 980 (10th Cir. 2008), as "[t]he bar is quite high in [constructive discharge] cases." Garrett v. Hewlett-Packard Co., 305 F.3d 1210, 1221 (10th Cir. 2002); see Poland v. Chertoff, 494 F.3d 1174, 1184 (9th Cir. 2007) (stating that conditions must be "sufficiently extraordinary and egregious" in order to establish constructive discharge (quotation omitted)).

Peterson premises her constructive discharge claim on the same allegations we found insufficient to establish a hostile work environment. As such, her claim fails. See Penn. State Police v. Suders, 542 U.S. 129, 147 (2004) ("A hostile-environment constructive discharge claim entails something more [than an actionable hostile work environment]."); Tran v. Trs. of State Colls. in Colo., 355 F.3d 1263, 1270-71 (10th Cir. 2004) (recognizing that a plaintiff has a higher evidentiary burden when seeking to establish a constructive discharge than an adverse employment action). Accordingly, the district court properly granted summary judgment for the USDA.

C. Retaliation

Appellants also claim that the district court erred in granting summary judgment for the USDA on their retaliation claim because there is evidence, in the form of affidavits of NRCS employees, that Trice treated people who engaged in protected activity differently than those who had not. In order to establish a prima facie case of retaliation, Appellants must produce evidence that the alleged retaliation was such that "a reasonable employee would have found the challenged action materially adverse . . . ." Smith v. Internat'l Paper Co., 523 F.3d 845, 848 (8th Cir. 2008) (quoting Carrington v. City of Des Moines, 481 F.3d 1046, 1050 (8th Cir. 2007)). We first note that Trice's conduct at the October 9, 2003 meeting preceded Appellants' EEOC

complaints that led to this case,[2] and, therefore, cannot constitute retaliation for those complaints. See Stewart v. Indep. Sch. Dist. No. 196, 481 F.3d 1034, 1042 (8th Cir. 2007). Furthermore, the remaining allegations, viewed as a whole, do not satisfy the "significant harm" standard imposed by the materially adverse element. See Clegg v. Ark. Dept. of Corr., 496 F.3d 922, 929 (8th Cir. 2007). Accordingly, the district court properly granted summary judgment to the USDA on this claim.[3]

## III.

For the reasons stated above, we affirm.

_____

[2]We also note that the meeting occurred six years after Peterson's 1997 EEOC complaint and three years after O'Brien's 2003 testimony on Peterson's behalf such that no inference of retaliation can be made between Appellants' activities related to the 1997 case.

[3]Though Peterson said that Trice denied O'Brien a monetary award due to her EEO activity in September 2004, this bare assertion and speculation as to Trice's motive does not create a genuine issue of material fact. Anda v. Wickes Furniture Co., 517 F.3d 526, 531 (8th Cir. 2008).