# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-51019
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2018

Lyle W. Cayce
Clerk

BEATRICE GONZALES,

Plaintiff - Appellant

v.

WELLS FARGO BANK, NATIONAL ASSOCIATION,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:16-CV-39

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Beatrice Gonzales appeals the district court's dismissal of her claims against her onetime employer, Wells Fargo Bank, National Association, for discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34. We AFFIRM.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-51019

## I.

Wells Fargo hired Gonzales as a loan servicing specialist at a call center in March 2013. Gonzales was 76 years old at the time of her hire. As a loan support specialist, she responded to questions about loans from title companies, Wells Fargo customers, and other Wells Fargo employees. Although she performed well in some areas, Gonzales's supervisors expressed dissatisfaction with her repeated failures to verify callers' identities and her disclosures of account information to unauthorized persons. Wells Fargo ultimately terminated Gonzales's employment in October 2014.

In January 2016, Gonzales sued. She alleged discrimination, harassment, and retaliation based on her race, national origin, and age. Wells Fargo filed a motion for summary judgment, which the district court granted.[1] It concluded that Gonzales had not identified an appropriate comparator-employee for her discrimination claim, had not engaged in the protected conduct necessary to a retaliation claim, and had not experienced harassment severe enough to support a hostile work environment claim. Gonzales appeals.

## II.

"We review a grant of summary judgment de novo, applying the same standard as the district court." *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001). A court must enter summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We view the evidence in the light most favorable to the non-movant. *Vela*, 276 F.3d at 666. Still, the non-movant must "come forward with specific facts indicating a genuine issue for trial" and cannot merely rely on the allegations of the complaint. *Id.* (citing *Celotex Corp.*

---

[1] Gonzales conceded in the district court that she had no evidence to support her claims based on race and national origin.

No. 17-51019

*v. Catrett*, 477 U.S. 317, 324 (1986)). To satisfy that burden, the non-movant must "identify specific evidence in the record, and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (second alteration in original) (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

## III.

Gonzales argues that the district court erred by dismissing her age discrimination, hostile work environment, and retaliation claims. We consider and reject each of her arguments in turn.

### A.

To survive summary judgment, plaintiffs alleging age discrimination must offer evidence of the following: "(1) they are within the protected class; (2) they are qualified for the position; (3) they suffered an adverse employment decision; and (4) they were replaced by someone younger or treated less favorably than similarly situated younger employees." *Smith v. City of Jackson*, 351 F.3d 183, 196 (5th Cir. 2003), *aff'd on other grounds*, 544 U.S. 228 (2005). The defect in Gonzales's case is that she has not identified a "similarly situated" younger employee. To establish that a younger employee is "similarly situated," a plaintiff must show "nearly identical" circumstances. *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 353 (5th Cir. 2007). Therefore, Gonzales must identify a younger employee with an "essentially comparable violation histor[y]." *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009).

Gonzales points to various documents showing that she performed better than some younger coworkers on certain performance metrics. But she has not identified a younger employee with a similar history of unauthorized

No. 17-51019

disclosures of account information or failures to verify callers' identities.[2] Wells Fargo offered undisputed evidence at summary judgment that such errors are particularly serious because they create security risks for customers and expose the bank to liability. Gonzales was required to identify younger employees with similarly serious violation histories. *See Lee*, 574 F.3d at 260. Because she has not done so, summary judgment was proper on her age-discrimination claim.

**B.**

Gonzales must offer evidence of the following to survive summary judgment on her hostile work environment claim: (1) that she was over 40; (2) that she experienced harassment based on her age; (3) that the harassment created an objectively intimidating, hostile, or offensive work environment; and (4) that there is a basis for employer liability. *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011). "To determine whether conduct is objectively offensive, the totality of the circumstances is considered, including: '(1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or merely an offensive utterance; and (4) whether it interferes with an employee's work performance.'" *Id.* (quoting *EEOC v. WC&M Enters.*, 496 F.3d 393, 399 (5th Cir. 2007)).

Gonzales claims that her supervisor scrutinized her work more closely than others' and that she was the only employee required to undergo "side-by-side coaching" with her peers. Gonzales failed to offer any evidence that this was connected to her age. And, in any event, her allegations amount to nothing more than "careful monitoring of job performance," which does not rise to the level of hostile work environment harassment. *Ellis v. Principi*, 246 F. App'x

---

[2] Gonzales admitted in her deposition that she could not identify any other Wells Fargo employee with multiple failures to authenticate caller identity.

No. 17-51019

867, 871 (5th Cir. 2007) (per curiam); *cf. O'Brien v. Dep't of Agric.*, 532 F.3d 805, 810 (8th Cir. 2008) ("Although increased scrutiny might, at some point, amount to a hostile work environment, nothing in this record warrants such a finding." (collecting cases)).

Gonzales also alleged that her supervisor (herself over 50 years old at the time) commented that Gonzales reminded the supervisor of her "elderly," deceased mother. Gonzales admitted at her deposition, however, that the supervisor never made another remark about Gonzales's age. Not only does the comment betray no *animus* based on Gonzales's age, but it is also an isolated, one-time remark (albeit an insensitive one) that does not itself support a hostile work environment claim. *See Lauderdale v. Tex. Dep't of Criminal Justice*, 512 F.3d 157, 163 (5th Cir. 2007). Because there was no evidence of sufficiently severe harassment, the district court properly granted summary judgment against Gonzales's hostile work environment claim.

## C.

To survive summary judgment on her retaliation claim, Gonzales was required to identify evidence of the following: "(1) that [s]he engaged in a protected activity, (2) that there was an adverse employment action, and (3) that a causal link existed between the protected activity and the adverse employment action." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496-97 (5th Cir. 2015) (quoting *Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 259 (5th Cir. 2001)). A plaintiff engages in "protected activity" by "'oppos[ing] any practice' forbidden by the ADEA." *Heggemeier v. Caldwell Cty.*, 826 F.3d 861, 869 (5th Cir. 2016) (per curiam) (quoting 29 U.S.C. § 623(d)). Although we have concluded that there was no ADEA violation, "the plaintiff need not establish that the practice opposed was 'actually unlawful, but only that [s]he had a "reasonabl[e] belief that the employer was engaged

5

in unlawful employment practices.""" *Id.* (second alteration in original) (quoting *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 428 (5th Cir. 2000)).

Although Gonzales testified that she complained to supervisors that her work environment was "hostile," she also admitted that she never told any supervisor that she felt she was being treated differently because of her age. These "complaints are not protected activities because they did not reference discrimination or any other unlawful employment activity." *Rodriquez v. Wal-Mart Stores, Inc.*, 540 F. App'x 322, 329 (5th Cir. 2013) (per curiam). Rather, they are merely general grievances that gave the employer no notice that Gonzales was speaking up in opposition to practices she perceived to be discriminatory (assuming that was her intent at the time). Accordingly, there is no genuine dispute of material fact that Wells Fargo retaliated against Gonzales in violation of ADEA.

## IV.

For the foregoing reasons, we AFFIRM.