# United States Court of Appeals

### For the Eighth Circuit

_____

No. 23-1797
_____

Michael Hill

*Plaintiff - Appellant*

v.

Denis McDonough, Secretary United States Department of Veterans Affairs

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 10, 2024
Filed: June 10, 2024
[Unpublished]

_____

Before LOKEN, MELLOY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Michael Hill sued the Department of Veterans Affairs under Title VII for retaliation and age, disability, sex, and race discrimination. The district court[1] granted summary judgment to the VA. We affirm.

The court properly granted summary judgment on Hill's age and disability discrimination claims because neither is cognizable under Title VII. See 42 U.S.C. § 2000e-16(a) (prohibiting "discrimination based on race, color, religion, sex, or national origin" in federal employment); Enowmbitang v. Seagate Tech., Inc., 148 F.3d 970, 973 (8th Cir. 1998) (permitting *sua sponte* grant of summary judgment without prior notice "if the losing party has failed to state a claim upon which relief may be granted" (citation omitted)). It then granted summary judgment on the remaining claims because Hill did not establish a *prima facie* case of hostile work environment, constructive discharge, disparate treatment, or retaliation. Reviewing *de novo*, we agree. Yang v. Robert Half Int'l, Inc., 79 F.4th 949, 964 (8th Cir. 2023).

Hill's allegations that his supervisors called him "boy" and subjected him to other offensive slights do not illustrate conduct "so severe or pervasive" as to alter the terms, conditions, or privileges of his employment. Bainbridge v. Loffredo Gardens, Inc., 378 F.3d 756, 759 (8th Cir. 2004) ("A hostile work environment exists when the workplace is dominated by racial slurs, but not when the offensive conduct consists of offhand comments and isolated incidents."). So his hostile work environment claim collapses, and his constructive discharge claim, premised on the same allegations, falls along with it. O'Brien v. Dep't of Agric., 532 F.3d 805, 811 (8th Cir. 2008). And we see no error in the district court's disposition of his disparate treatment and retaliation claims. Hill has failed to show a single employment action, material or otherwise, that changed the terms, conditions, or privileges of his job for the worse. See, e.g., Henthorn v. Capitol Commc'ns, Inc., 359 F.3d 1021, 1028 (8th Cir. 2004) ("A negative employment review . . . is actionable only if the employer

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

subsequently uses the evaluation as a basis to alter in a detrimental way the terms or conditions of the recipient's employment.").

Having carefully reviewed the record, we affirm the district court's judgment.

_____